JAMES F. MILLER'S Administrator *vs.* JAMES MILLER'S Administrator, d. b. n. c. t. a.

J. M. gave a bond for $1,800, conditioned to pay J. F. M $900, without interest, until his death; and then to be void, if he by will gave J. F. M. a certain plantation.

He devised the plantation to J. F. M., subject to hi- wife's dower; and made J. F. M., executor, who administered; received assets; and entered on the land devised; but after his death the land was recovered by the heirs-at law of J. M., on the ground that the devise was only of a life estate. His administrator then brought suit on the bond, and it was *held*:—1. That the devise was a satisfaction of the bond, even with dower, unless further encumbered; and then, if it was accepted in satisfaction. 2. That if it was not a satisfaction, as the obligee was the executor, he was bound to pay himself out of the assets, if sufficient came to his hauds.

THIS was an action of debt on a bond, dated August 16, 1831, executed by James Miller, under seal, in the penalty of $1,800, conditioned that " if the above bound James Miller, his heirs, executors, &c., do and shall well and truly pay or cause to be paid to James F. Miller, his executors, &c., the full sum of $900, lawful money, &c., without interest until the death of said James Miller; and further, the above is such, that if said James Miller do by will give James F. Miller the plantation where he now lives, with all the land adjoining the same, and in so doing by the said James Miller as above by will, then this obligation to be void," &c.

The defendant craved oyer and pleaded payment, accord and satisfaction, set-off, release, non est factum, plene administravit and no assets ultra; payment of the $900; that James Miller did devise the land, &c.; that such devise was in full discharge of the bond; that it was accepted as such, &c. Replications and issues.

James Miller, by will dated October 11, 1838, proved September

9, 1841, devised to his son James F. Miller the plantation whereon he lived, with all the lands adjoining, *both down the neck and out,* by the names, &c., &c., " excepting that my wife, Letty Miller, is to have her thirds out of this said part given to my son, James F. Miller, during her natural life" He made James F. Miller executor, who administered the personal estate, paid debts, simple contract and others, and made no retainer for any claim under this bond.

He also entered on the land; but after his death an action of ejectment was brought by the heirs-at-law of James Miller, against the heirs of James F. Miller, for this land, and a recovery was had, on the ground that the devise in the will of James Miller carried but a life estate.

It was proved that the annual value of the land devised was $300; that the dower charged was equal to $40; and that James F. Miller, at the time the will was proved, declared his purpose to abide by the will and not by the bond. He entered accordingly as the devisee, took the growing crops as such, continued in possession several years as the owner, and died.

The defence was, that the true construction of this bond was that the devise was in the alternative, and a substitution for the $900. 2. That James Miller did devise as he engaged to do. 3. That James F. Miller was the executor, and paid legacies which he was not at liberty to pay, if this bond was due. 4. That if James F. Miller accepted the land, though charged with dower, in satisfaction of this bond, it would bar his claim. 5. If the obligor did not devise the land, the action for it concerns the realty, and should be brought by heirs and not executors.

Booth, *Chief Justice*, charged the jury:—1. That if by fraud, accident, or mistake, a life estate only was devised in lands respecting which a bond had been given, to devise a fee, the remedy was in chancery.

2. That in a court of law this bond obliged no more than the conveyance of a life estate, and even that not clear of existing incumbrances; but certainly clear of any incumbrances afterwards created by the obligor.

3. That the bond was in the alternative, conditioned to pay $900, at the death of James Miller, *or* to devise the home farm.

4. That the devise of that farm for life, though incumbered with the wife's dower therein, would be a performance of that condition;

·but if incumbered, as it was in this case, with the wife's dower in other lands of the testator, this was not a compliance with the condition, and the bond would be forfeited; unless,

5. The obligee, James F. Miller, accepted the land so devised, as devised, in full performance and satisfaction of the bond.

6. That if the bond was forfeited, and the land not so accepted by James F. Miller, plaintiffs would be entitled to recover the money; but that

7. James F. Miller was the executor of James Miller, and the assets of the estate came to his hands; and if this was a debt due to him by reason of the failure to devise the land as stipulated, he had the right and was bound to *retain* or pay himself out of the assets, if assets sufficient came to his hands. That if the jury found there were such assets, plaintiff could not recover; if not,

8. plaintiff was entitled to recover $900, with interest from the father's death; but subject to a deduction of the value of the farm, while it was held by J. F. Miller. For he could not repudiate the devise, and have the land at the same time.

Verdict for defendant.

*Layton* and *Houston*, for plaintiff.
*Cullen* and *Saulsbury*, for defendant.